# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-449-RLV-DCK

| KELLY L. SETZER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and Defendant "Commissioner's Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that the "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I.  BACKGROUND

Plaintiff Kelly L. Setzer ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about March 11, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning February 15, 2014. (Transcript of the Record of Proceedings ("Tr.") 13, 169-172, 173-179). The Commissioner of Social Security

(the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 7, 2014, and again after reconsideration on July 2, 2014. (Tr. 13, 98-103, 117-126). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing any of your past jobs, but it does keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 109).

Plaintiff filed a timely written request for a hearing on July 25, 2014. (Tr. 13, 127-128). On February 2, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Susan Poulos ("ALJ"). (Tr. 13, 26-53). In addition, Jacqueline Kennedy-Merritt, a vocational expert ("VE"), and J. Bryan Elliott, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 19, 2015, denying Plaintiff's claim. (Tr. 10-21). On April 1, 2015, Plaintiff filed a request for review of the ALJ's decision which was denied by the Appeals Council on July 31, 2015. (Tr. 2-4, 8). The February 19, 2015 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 29, 2015. (Document No. 1). On October 28, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed February 2, 2016; and the "Commissioner's Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 14) were filed April 4, 2016. Plaintiff declined to file a reply brief and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between February 15, 2014, and the date of her decision.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

|     |                                                                                                                                                                                                                 |
| --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | impairments that meet the duration requirement in § 404.1509 - if no, not disabled;                                                                                                                             |
| (3) | whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;                       |
| (4) | whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and                                                                                 |
| (5) | whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.                                                                     |

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 20-21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since February 15, 2014, her alleged disability onset date. (Tr. 15). At the second step, the ALJ found that cardiomyopathy, status post ICD implant, and diabetes, were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1, noting that "the heart clinic records show that her heart condition improved after her ICD implant." (Tr. 16).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> occasional climbing of ramps and stairs and no climbing of ladders, ramps, or scaffolds, occasional balancing, kneeling, crawling, crouching, occasional contact with pulmonary irritants, such as fumes, odors, dust, and gases, and occasional contact with workplace hazards, such as unprotected heights and dangerous machinery, occasional exposure to vibration, and a sit/stand option that would allow her to alternate positions twice per hour.

(Tr. 16-17). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a hand cutter and sample clerk. (Tr. 20). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between February 15, 2014, and the date of her decision, February 19, 2015 (Tr. 21).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to resolve a conflict between the VE testimony and the Dictionary of Occupational Titles ("DOT"); and (2) the ALJ failed to properly support a finding that Plaintiff's testimony was not entirely credible. (Document No. 12, pp.4-5). As discussed below, the undersigned finds that the first assignment of error has raised sufficient concerns to lead the undersigned to recommend that this matter be remanded for further review.

**VE Testimony, the DOT, and Past Relevant Work**

In her first assignment of error, Plaintiff argues that the ALJ relied on testimony from the VE that apparently conflicts with the DOT. (Document No. 12, p.5); see also (Tr. 20-21). Plaintiff

contends that the ALJ erred by failing to obtain an explanation from the VE resolving the conflicts in the written decision. Id.

In most pertinent part, the VE testimony in this case was that:

> A   Yes, ma'am. Ms. Setzer has performed two jobs in her work career. Those two jobs are defined in the *DOT* as cutter hand I. The *DOT* number is 781.684-074, SVP of 4, strength level of light. And also she has worked as a sample clerk. The *DOT* number is 789.587-026, SVP of 3, strength level of light.

(Tr. 49).

Although not precisely stated, the crux of Plaintiff's argument seems to be that there are "apparent conflicts" that the ALJ failed to address because the DOT descriptions of the jobs identified by the VE purportedly "include exposure to dusts, fumes, etc. and exposure to hazards." (Document No. 12, p.7). "The DOT, documents the following apparent conflicts with the VE's testimony; Cutter: using scissors or knife, May cut or trim knit goods, using hot-wire device; Foam Cutter: using pinking machine, using paste and brush or hand stapling machine." Id. Plaintiff contends that the ALJ erred by not getting an explanation from the VE for the apparent conflict between these descriptions and the limitations expressed in the RFC and/or hypotheticals. Id.

The undersigned has reviewed Plaintiff's attached descriptions, as well as the relevant entries in the DOT, and is not entirely convinced that "apparent conflicts" exist between the Plaintiff's limitations and the jobs identified by the VE. See (Tr. 16-17, 49-51); (Document Nos. 12-1 and 12-2); Cutter, Hand I, DOT 781.684-074, 1991 WL 680859; and Sample Clerk, DOT 789.587-026, 1991 WL 681238. In a case cited by Plaintiff, the Fourth Circuit offers the following instruction on the meaning of "apparent" in instances such as this:

> the context of the word "apparent" in SSR 00-4p makes plain that the Ruling intends the latter meaning -- that the ALJ must identify where the expert's testimony seems to, but does not

> necessarily, conflict with the Dictionary. For the Ruling explains that "[i]f the [vocational expert]'s . . . evidence appears to conflict with the [Dictionary], the adjudicator will obtain a reasonable explanation for the apparent conflict." SSR 00-4p, at *4 (emphasis added).

Pearson v. Colvin, 810 F.3d. 204, 209 (4th Cir. 2015).

Here, Plaintiff has failed to provide any pinpoint citations to either the DOT, the testimony, or the ALJ decision clarifying where she contends the VE's testimony seems to conflict with the DOT. (Document No. 12, pp.7-8). For example, Plaintiff does not identify where in the DOT descriptions for a Hand Cutter I or a Sample Clerk it indicates that those jobs include more than occasional exposure to dust or fumes, or that the required use of scissors or other tools is an exposure to hazards inconsistent with Plaintiff's limitations. Without explanation or citation, Plaintiff seems to assume that the Hand Cutter and Sample Clerk positions would involve the same exposure to dust or particles as a Machine Cutter I job. (Document No. 12, p.7); see also Cutter, Machine I, DOT 781.684-014, 1991 WL 680844.

Although the undersigned is not completely convinced by Plaintiff's specific argument in the brief, Plaintiff has indirectly raised another issue – whether substantial evidence supports a finding at step four in this case that Plaintiff can return to her past relevant work. The ALJ determined that Plaintiff has the RFC to perform her past relevant work as a Hand Cutter I and Sample Clerk (both classified as light work), as that work is generally performed and as Plaintiff had actually performed such work. (Tr. 21). However, the ALJ offers no more than a passing acknowledgement that the evidence of record in this case consistently indicates that the work Plaintiff performed was actually that of a Machine Cutter I, which is classified as medium work. (Tr. 20); Cutter, Machine I, DOT 781.684-014, 1991 WL 680844.

8

First, the undersigned observes that Plaintiff completed a "Work History Report" on or about April 8, 2014, identifying about ten (10) different jobs she held between March 1988 and February 2014. (Tr. 229). Those jobs all seem to involve being a cutter of cloth, foam, or orthopedics. Id. For most, if not all, of those jobs, Plaintiff contends that the **heaviest weight she lifted was 100 lbs. or more**, and that she **frequently lifted 50 lbs. or more**. (Tr. 230-236) (emphasis added). As Defendant acknowledges, light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." (Document No. 14, p.5) (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)).

Plaintiff's initial "Disability Determination Explanation" provides an assessment of vocational factors by disability adjudicator Denis Doran that describes Plaintiff's past relevant work as medium work, with a DOT title of upholstery cutter, machine, 781.684-014. (Tr. 61, 71). The "…Explanation" goes on to opine that Plaintiff does not have the RFC to perform her past relevant work:

> Due to past job was medium and clmt is limited to light work. Also is limited in exposure to dust, odors, fumes, gases, poor ventilation. A job cutting foam or material would have dust particles from the material she would be cutting.

Id. The "…Explanation" identifies other jobs in the national economy Plaintiff could perform, and also notes that a vocational specialist contacted Plaintiff to confirm that all her past jobs were foam or material cutter jobs and all fall under the same title (Cutter, Machine I). (Tr. 62, 72).

At the reconsideration level, Dorothy Linster, M.D., reached identical conclusions about the nature of Plaintiff's past relevant work, and the type of work she could do in the national economy. (Tr. 84, 94).

In providing notice of disapproval of Plaintiff's claims, the SSA noted initially and during reconsideration that Plaintiff's "condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work." (Tr. 98, 109).

The ALJ's decision asserts that she gave "substantial weight" to Denise Doran's findings, and that she concurred with Dr. Linster's assessment; nevertheless, the ALJ concluded that Plaintiff's past relevant work was all light work of a Hand Cutter I and a Sample Clerk, not the medium work of a Machine Cutter I as Plaintiff had described, and as Doran and Linster had confirmed. (Tr. 20). The ALJ states that she gave more weight to the testimony of the VE, but neither the VE nor the ALJ explained how they reached their conclusion in contradiction to the evidence in the record.

Based on the foregoing, the undersigned is not persuaded that the ALJ's conclusion that Plaintiff can perform her past relevant work, especially as she actually performed it, is supported by substantial evidence. As the Mascio court opined regarding a similar but different issue, the "opinion is sorely lacking in the analysis needed for us to review meaningfully those conclusions." Mascio v. Colvin, 780 F.3d 632, 636-637 (4th Cir. 2015). In short, Plaintiff has raised important questions of whether the VE testimony (and the ALJ decision) conflict with the DOT *and* other evidence of record – without sufficient explanation. The ALJ here may very well be correct that Plaintiff can perform her past relevant work; however, the undersigned would need more analysis to recommend that the ALJ's decision be affirmed.

Under the circumstances of this case, the undersigned will recommend that this matter be remanded for further consideration by an Administrative Law Judge, including the exact nature of Plaintiff's past relevant work and whether she retained the ability to perform such work. Even if

an ALJ again determines that Plaintiff can perform her past relevant work, it may be helpful to also identify, in the alternative, other jobs in the national economy Plaintiff is able to perform.

Because the undersigned finds good cause for remand based on the deficiency of the step 4 analysis, it appears unnecessary to address the ALJ's assessment of credibility. On remand, the ALJ should be clear in her/his credibility determination and the reasons that support such a determination.

## IV. CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not appear to support the Commissioner's decision at this time. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated, and this be matter remanded for a new hearing and further consideration.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 13) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter **REMANDED** for a new hearing and further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 17, 2016

David C. Keesler
United States Magistrate Judge