**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:15-CV-00449-RLV-DCK**

| | |
|---|---|
| KELLY L. SETZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Acting Commissioner of Social Security's ("Defendant" or "Commissioner") Objection to the Memorandum and Recommendation (the "M&R") of Magistrate Judge David C. Keesler. (Doc. 16). The M&R recommends that Plaintiff's Motion for Summary Judgment (Doc. 11) be denied, that Defendant's Motion for Summary Judgment (Doc. 13) be denied, that the final decision of the Commissioner be vacated, and that the matter be remanded for a new hearing. (*See* Doc. 15 at 4-11). The Defendant filed her objection and the Plaintiff filed her reply (Docs. 16, 17) and this matter is now ripe for disposition. For the ensuing reasons, the M&R (Doc. 15) is **ADOPTED**, Plaintiff's Motion for Summary Judgment (Doc. 12) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. 13) is **DENIED**, the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** for a new hearing to be held in a manner consistent with this order.

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as the Defendant in this matter. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

**I. BACKGROUND**

The M&R accurately and substantially recounts the procedural and factual history (*see* Doc. 15 at 1-3, 5-6), and neither the Commissioner nor Plaintiff Kelly L. Setzer objects to the procedural and factual history in the M&R (*see* Docs. 16, 17). Therefore, this Order adopts and incorporates the M&R's statement of the procedural and factual history.

**II. DISCUSSION**

    A. <u>Standards of Review</u>

        1. *Standards Governing Court Review of Commissioner's Final Decision*

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner is limited to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, if this Court finds that the Commissioner applied the correct legal standards and that her decision is supported by substantial evidence, the Commissioner's determination may not be overturned.

While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a scintilla and it must do more than create a suspicion of the existence of a fact to be established." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (brackets and internal quotation marks omitted). Critically, "[t]he substantial evidence standard 'presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v.*

*Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (ellipsis omitted) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (brackets and internal quotation marks omitted). Consequently, as long as the judgment is explained and supported by substantial evidence, this Court must accept the Commissioner's decision, even if this Court would reach an opposite conclusion or weigh the evidence differently if it were conducting a *de novo* review of the record. *See Hays*, 907 F.2d at 1456. Therefore, the issue before this Court is not whether Setzer *is* disabled, but whether Administrative Law Judge Susan Poulos's ("ALJ Poulos") finding that Setzer is *not* disabled is explained and supported by substantial evidence and that such decision was reached *based upon a correct application of the relevant law*.

2. *Standard Governing Review of Objections to M&R*

To assist it in its review of the Commissioner's denial of benefits, a court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of motions for summary judgment.]" 28 U.S.C. § 636(b)(1)(B). A magistrate judge makes only a recommendation as to the final disposition of a matter. The recommendation has no presumptive weight and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). Accordingly, the Court must conduct "a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised" in the objections. *See Lemken v. Astrue*, 2010 WL 5057127, at *1 (W.D.N.C. Dec. 6, 2010) (Voorhees, J.); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made."). Once such a review is complete, "the Court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Plaintiff's Past Relevant Work & Occupation

At Step Four of the disability determination, the administrative law judge must determine whether the claimant can return to her past relevant work. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 at *1. Inherent to this determination is the administrative law judge's consideration of what job(s) within the Dictionary of Occupational Titles (DOT) the claimant held prior to her alleged date of disability. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1167 (9th Cir. 2008) (noting that, at Step Four, administrative law judge has duty to make needed factual findings regarding the nature of claimant's past work). An administrate law judge may rely on the job titles and job descriptions listed on the claimant's work history report when determining the nature of claimant's past relevant work and which occupation(s) in the DOT the work most appropriately matches. *See id.* at 1166 (discussing claimant's work history report in context of classifying work within DOT). To further assist in determining which occupation(s) in the DOT encompasses the skills, duties, and physical requirements of a claimant's past work experience, an administrative law judge may consult a vocational expert. *See id.*; *see also Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) ("The ALJ may also use a vocational expert to address complex aspects of the employment determination . . . ." (internal quotation marks omitted)).

A vocational expert's testimony may conflict with the DOT based on the vocational expert's knowledge of the requirements of a particular job in practice; however, where a conflict, or even an apparent conflict, exists, the administrative law judge must "'elicit a reasonable explanation for' and 'resolve' [the] conflict[] between he expert's testimony and the [DOT]." *Id.*

-4-

at 207-08 (quoting SSR 00-4p, 2000 WL 1898704, at *2). If the administrative law judge fails to question the vocational expert about an apparent conflict between the expert's testimony and the DOT, "the expert's testimony cannot provide substantial evidence to support the administrative law judge's decision." *Id.* at 209. Put another way, "[a]n expert's testimony that apparently conflicts with the [DOT] can only provide substantial evidence if the ALJ has received [an] explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* at 209-10 (citing SSR 00-4p, 200 WL 1898704 at *2). Brief, indefinite, sparse, or unsupported answers by a vocational expert with respect to the nature of a claimant's past work are insufficient to resolve an apparent conflict between the expert's testimony and the DOT or to provide the administrative law judge a reasonable and substantial basis for adopting the expert's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008); *see also Rawlings v. Astrue*, 318 F. App'x 593, 594 (9th Cir. 2009). Furthermore, an administrative law judge errs if she relies on a vocational expert's classification of the claimant's past work experience "'according to the least demanding function'" of the claimant's past work experience. *Carmickle*, 533 F.3d at 1166 (quoting *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)).

The M&R concludes that an apparent conflict exits between the DOT and the vocational expert's classification of Plaintiff's past relevant work as that of a Cutter, Hand I, DICOT 781.684-074, and as that of a Sample Clerk, DICOT 789.587-026, rather than as that of a Cutter, Machine I, DICOT 781.684-014. (Doc. 15 at 8-9). Furthermore, where ALJ Poulos relied on the vocational expert's classification of Plaintiff's past relevant work and the job requirements associated with the occupations of Cutter, Hand I and Sample Clerk when determining that Plaintiff could perform her past relevant work, the M&R concluded that ALJ Poulos's Step Four analysis is not supported

by substantial evidence. *Id.* at 9-11. After careful review of the Commissioner's objection, the Court adopts the M&R.

A review of Setzer's work history report establishes that Setzer identified her past job titles as "cloth cutter," "cutter for orthopedics," "swatch cutter," and "foam cutter." (Tr. 229). When identifying the lifting and carrying requirements of each job, Setzer checked off the 100-pound box for the top weight she lifted and carried in each job and either the fifty- or twenty-five-pound box for the weight she frequently lifted and carried. (Tr. 230-235). Setzer's written description of the lifting and carrying requirements suggest a somewhat less taxing weight, as Setzer stated that her job as a cutter of orthopedics required her to lift and carry ten to twenty-five pounds and that her employment as a foam cutter required her to lift and carry twenty or twenty-five pounds. (Tr. 231, 233, 235).

When relying on the lowest of the weights identified by Setzer, the Court notes an apparent conflict exists between Setzer's written description of the requirements of her past work, the vocational expert's classification of Setzer's prior jobs as that of Cutter, Hand I and Sample Clerk, and the DOT's descriptions of these two occupations. The DOT categorizes the occupations of Cutter, Hand I and Sample Clerk as "light work" requiring the exertion of up to twenty pounds of force occasionally and up to ten pounds of force frequently. DICOT 781.684-074, DICOT 789.587-026; *see also* 20 C.F.R. § 404.1567(b) (defining "light work" to include "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). In contrast, the DOT categorizes the occupation of Cutter, Machine I as "medium work" requiring the exertion of twenty to fifty pounds of force occasionally and ten to twenty-five pounds of force frequently. DICOT 781.684-014; *see also* 20 C.F.R. § 404.1567(c) (defining "medium work" to include "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects

weighing up to 25 pounds"). As noted by both the Magistrate Judge and by the sole decision maker on the initial denial of benefits by the Social Security Administration, the lifting and carrying requirements identified by Setzer on her work history report meet the requirements for "medium work" and suggest that her past jobs may be more appropriately classified as that of Cutter, Machine I.[2] (Doc. 15 at 9-10; Tr. 61-62). Therefore, where the vocational expert briefly stated that Setzer's past jobs were Cutter, Hand I and Sample Clerk without identifying or explaining the discrepancy between the lifting and carrying requirements identified by Setzer and the requirements of these two occupations, ALJ Poulos erred by not asking the expert to explain the apparent conflict.[3] *See Pearson*, 810 F.3d at 208-09 (holding that administrative law judge has affirmative duty to inquire about apparent conflicts even where neither claimant's representative nor vocational expert identifies conflict and vocational expert testifies that her testimony is consistent with DOT).

In an attempt to escape this conclusion, the Commissioner contends that none of Setzer's written descriptions of her past jobs indicate that she used a machine for cutting foam, cloth, or orthopedics. (Doc. 16 at 4-5). This argument misses the mark for several reasons. First, while it

---

[2] The Commissioner argues that the Magistrate Judge erred by suggesting that Dorothy Linster, M.D., also concluded that Setzer's past work was medium work to which Setzer could not return. (Doc. 16 at 4; *see* Doc. 15 at 9). Any error by the Magistrate Judge in this respect does not alter the ultimate analysis regarding the apparent conflict between the job descriptions Setzer provided on her work history report and the vocational expert's classification of Setzer's prior jobs. Furthermore, the Court notes that the Commissioner initially denied Setzer's claim for benefits on the basis that Setzer could perform other jobs in the national economy, and not on the basis that Setzer could return to her past relevant work. (*See* Tr. 61-62).

[3] When asked to classify Setzer's past relevant work, the vocational expert stated:

> Ms. Setzer performed two jobs in her work career. Those two jobs are defined in the DOT as Cutter hand I. The DOT number is 781.684-074, SVP of 4, strength level light. And also she has worked as a sample clerk. The DOT number is 789.587-026, SVP of 3, strength level of light.

(Tr. 49). When asked if her testimony was consistent with the DOT, the vocational expert stated that her testimony was consistent but that the DOT did not speak to a sit/stand option, being off task, and absences from work that she discussed in other portions of her testimony. (Tr. 51). The vocational expert did not identify any discrepancy between the lifting and carrying requirements on Setzer's work history report and the DOT descriptions of Cutter, Hand I and Sample Clerk. (*See* Tr. 51).

addresses the machine element of the difference between the occupation of Cutter, Machine I and the occupations of Cutter, Hand I and Sample Clerk, it does nothing to address the difference in the strength requirements between the occupations. Where the ALJ may not rely on the least demanding function of a claimant's past job to classify the job, *Carmickle*, 533 F.3d at 1166, the possibility that Setzer did not use a machine is not, in and of itself, determinative of the proper classification of her past relevant work or her ability to return to her past relevant work. Second, the Commissioner's argument ignores the fact that Setzer checked off the box for use of "machines, tools, or equipment" for each prior job. (Tr. 230-35). Nothing in ALJ Poulos's questioning of Setzer provides any indication whether Setzer did or did not use a machine when cutting cloth, foam, or orthopedics. (*See* Tr. 28-48). Third, while the administrative law judge may, on remand, rely in part on Setzer's possible lack of use of a machine to classify Setzer's past work as that of a Cutter, Hand I and Sample Clerk, neither ALJ Poulos nor the vocational expert cited Setzer's alleged lack of use of a machine as a basis for classifying her past relevant work as that of a Cutter, Hand I and Sample Clerk. (*See* Tr. 20-21; Tr. 49, 51).

The Commissioner also argues that it is not apparent that Setzer actually lifted the amounts she checked off on her work history report and may not have even lifted the amounts identified in the job descriptions she provided. (Doc. 16 at 5-6). Although, on remand, the disparities between the weights indicated in the boxes checked by Setzer and the weights identified in her written job descriptions may provide a strong basis for discrediting Setzer with respect to the weights she alleges she lifted, the issue raised by the Commissioner is one of credibility properly left to the administrative law judge in the first instance. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, [a reviewing court] do[es] not undertake to . . . make credibility determinations . . . ."). Based on the record before the Court, and relying on the lowest

weight identified by Setzer, the work performed by Setzer may properly qualify as medium work. Accordingly, because ALJ Poulos, without resolving the aforementioned apparent conflict, relied on the vocational expert's classifications of Setzer's prior employment when determining that Setzer could return to her past relevant work, ALJ Poulos's decision to deny benefits at Step Four is not support by substantial evidence and remand is required.[4]

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1) The M&R (Doc. 15) is **ADOPTED**;

(2) Setzer's Motion for Summary Judgment (Doc. 11) is **DENIED**;[5]

(3) Defendant's Motion for Summary Judgment (Doc. 13) is **DENIED**; and

(4) The ALJ decision below is **VACATED** and this matter is **REMANDED** for a new hearing.

Signed: February 8, 2017

Richard L. Voorhees
United States District Judge

---

[4] In concluding that remand is required based on the error at Step Four, the Court finds it unnecessary to address Setzer's assignment of error regarding ALJ Poulos's credibility determination. (*See* Doc. 12 at 9-13). Furthermore, the Court's determination that remand is required should not be viewed as suggesting that Setzer is actually disabled or that Setzer is unable to perform the jobs of Cutter, Hand I or Sample Clerk for purposes of either a future, properly conducted Step Four analysis or a future Step Five analysis that includes a finding that jobs of these titles exist in sufficient numbers in the national economy.

[5] Although Setzer's memorandum of law in support of her motion for summary judgment seeks only a remand as relief, Setzer's motion for summary judgment seeks a "judgment as a matter of law." (*Compare* Doc. 12 at 13, *with* Doc. 11 at 1). Because this Court does not reverse ALJ Poulos's decision by finding that Setzer is disabled, Setzer's motion for summary judgment, as a matter of procedure, is denied.